UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 24-02127-VBF (DFM) | Date: | May 17, 2024 |
|---|---|---|---|
| Title | Joe Lewis Valentine v. F. Guzman | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause

On March 12, 2024, Petitioner Joe Lewis Valentine, a state prisoner proceeding pro se, constructively filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. See Dkt. 1 ("Petition").

Rule 4 allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases; see also Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983) (explaining that Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated"). For the reasons set forth below, Petitioner is ordered to show cause why the Petition should not be dismissed for failure to state a cognizable federal habeas claim.

I. BACKGROUND

Petitioner is serving a sentence of 25-years-to-life for his conviction of conspiracy to commit murder (Cal. Penal Code §§ 182, 187(a)) (plus a one-year firearm enhancement under Cal. Penal Code § 12022(a)), entered in the Superior Court for the County of Los Angeles in 1982, Case No. A366030. See Petition at 2.[1] In this action, Petitioner challenges his parole denial, asserting that the California Board of Parole ("Parole Board") violated his due process and equal protection

---

[1] Petitioner has previously filed multiple habeas petitions in this court challenging his conviction. See Petition at 3; see also Opinion and Order, Valentine v. Lewis, No. CV 13-07277-VBF (SH) (C.D. Cal. Apr. 14, 2014), Dkt. 15 (summarizing prior federal habeas proceedings and dismissing 2013 petition as unauthorized second or successive petition).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

rights during his May 21, 2020, parole hearing. See Petition at 5.

Specifically, Petitioner argues that the Parole Board mischaracterized his conviction by concluding that he was "found guilty by a jury for conspiring to kill and did kill [sic], 'JOHNNY RAY BRIGHT,'" when in fact he had not been convicted on his murder charge. Id. at 10.[2] He argues that the Parole Board improperly found him ineligible for parole because of "his assumed 'implausible denial of guilt,' by concluding that, Petitioner refused to show insight as to this particular crime, moral growth and remorse and to accept full responsibility for the actual murder of Bright." Id. Petitioner claims that had the Parole Board not mischaracterized his conviction, it is "highly probable it would have been legally compelled to grant parole suitability" under the applicable criteria. Id. at 11. He appears to ask the Court to vacate the Parole Board's decision and to order his immediate release on parole. See id. at 12-13.

## II.   DISCUSSION

### A.   Due Process Claim

Petitioner asserts that the Parole Board's decision violated his due process rights. See Petition at 5. Under California law, a prisoner is entitled to a parole release unless there is "some evidence" of his current dangerousness. In re Lawrence, 190 P.3d 535, 553 (Cal. 2008). However, the Supreme Court made clear in Swarthout v. Cooke, 562 U.S. 216 (2011) (per curiam), that federal habeas review of a parole denial is narrower in scope. In Cooke, the Supreme Court observed that while a state, such as California, may create "a liberty interest in parole," the existence of such a state liberty interest does not give rise to a federal right to be paroled; thus, compliance with California's "some evidence" requirement is not a substantive due process requirement. See id. at 220-21. The Court went on to explain that the only federal issue cognizable when a California prisoner complains that his denial of parole violates due process is a procedural one—namely, whether the prisoner received the "minimal" procedures required by procedural due process, which include (1) an opportunity to be heard; and (2) a statement of the reasons why parole was denied. See id. at 220 (citing Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 16 (1979)). Determining whether a prisoner received these required procedures is "the beginning and the end of the federal habeas courts' inquiry into whether [a prisoner] received due process." Id.

Here, Petitioner does not allege that he was denied an opportunity to be heard or a statement of reasons why parole was denied. Rather, the gravamen of Petitioner's claim is that

---

[2] A Superior Court order attached to the Petition explains, "Petitioner was not found guilty on the murder count. Though the Court of Appeal states that Petitioner 'shot Bright in the head,' the jury was deadlocked on the murder count. Instead, Petitioner was convicted of conspiracy to commit murder. Furthermore, the jury found not true the allegation that Petitioner personally used a handgun during the offense and instead found true that he was armed during the offense." Petition at 35-36.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

the Parole Board wrongfully denied Petitioner parole because it mischaracterized Petitioner's conviction. See Petition at 5-6. These allegations fall outside the scope of the Court's review and do not give rise to a due process claim. See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (explaining that petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process").

    B.  Equal Protection Claim

Petitioner also claims that the Parole Board violated his equal protection rights. See Petition at 5. Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race, religion, or membership in a protected class subject to restrictions and limitations necessitated by legitimate penological interests. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). The Equal Protection Clause essentially directs that all persons similarly situated should be treated alike. City of Cleburne, Texas v. Cleburne Living Center, 473 U.S. 432, 439 (1985). Violations of equal protection are shown when a respondent intentionally discriminates against a petitioner based on membership in a protected class, see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998), or when a respondent intentionally treats a member of an identifiable class differently from other similarly situated individuals without a rational basis, or a rational relationship to a legitimate state purpose, for the difference in treatment, see Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

Here, the Petition does not allege any facts to implicate the Equal Protection Clause. There are no allegations that Petitioner is a member of a protected class or that the Parole Board discriminated against him on that basis. Accordingly, the Petition fails to state a viable equal protection claim. See Washington v. Marshall, 272 F. App'x 634, 635 (9th Cir. 2008) (concluding that petitioner failed to show equal rights violation because he "failed to show that others similarly situated were treated more favorably and that the disparate treatment was based on an impermissible motive").

    C.  Petitioner's Claims Are Not at the Core of Habeas Corpus

Even assuming Petitioner were to allege facts to establish a due process violation or an equal protection violation, it appears that Petitioner's claims must be asserted in a civil rights action under 42 U.S.C. § 1983 rather than in a habeas corpus action. If a prisoner's claim "would necessarily demonstrate the invalidity of confinement or its duration," a habeas petition is the appropriate avenue for the claim. Wilkinson v. Dotson, 544 U.S. 74, 82 (2005). By contrast, if a favorable judgment for the petitioner would not "necessarily lead to his immediate or earlier release from confinement," he may assert his claim only under 42 U.S.C. § 1983. Nettles v. Grounds, 830 F.3d 922, 935 (9th Cir. 2016) (holding that district court lacked jurisdiction over habeas petition challenging disciplinary violation and revocation of good conduct credits, reasoning that success on the merits "would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Here, although Petitioner asks the Court to order his immediate release on parole, the Petition fails to establish that Petitioner would be entitled to such relief if he were to prevail on his claims. At most, Petitioner asserts that it is "highly probable" he would be deemed eligible for parole under various criteria. See Petition at 11. Even if Petitioner were to prove a due process or equal protection violation in connection with his parole hearing, nothing in the Petition suggests that he would be guaranteed parole as a result. On the contrary, it appears that Petitioner would simply be entitled to a new parole hearing. See Richardson v. Bd. of Prison Hearings, 785 Fed. App'x 433, 434 (9th Cir. 2019) (holding that petition asserting constitutional violations from denial of parole would not necessarily result in immediate release from prison but rather entitlement to a new parole hearing).

As such, even if Petitioner were to allege a viable due process or equal protection claim, because success on either of those claims would not necessarily lead to immediate or speedier release, his claims are not cognizable on habeas corpus and should instead be asserted in a § 1983 civil rights action. See Nettles, 830 F.3d at 934-35; see also Woods v. Valenzuela, 734 F. App'x 394, 395-96 (finding that because ultimate relief petitioner sought was new parole hearing where "authorities may, in their discretion, decline to shorten his prison term," favorable judgment would not necessarily result in earlier release, and claim was not cognizable in habeas).[3]

### III. CONCLUSION

**Accordingly, Petitioner is ORDERED TO SHOW CAUSE, within twenty-eight (28) days of the date of this Order, why the Petition should not be dismissed for failure to state a cognizable habeas claim.** Petitioner's response should cite to applicable authority. Petitioner is forewarned that failure to act by the deadline may result in dismissal for lack of habeas jurisdiction and for failure to prosecute.

---

[3] The Court also has concerns as to (1) the timeliness of the Petition, and (2) whether Petitioner has properly exhausted state judicial remedies as to his claims. However, given the limited record before the Court at this stage of the proceedings, and because the cognizability issues discussed above are likely to be outcome-dispositive in this case, the Court does not reach these issues in this Order.